UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY CALDWELL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:04CV1183 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Timothy Caldwell's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed September 1, 2004. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## BACKGROUND

On August 16, 2001, a federal grand jury returned a single count Indictment, charging Movant Timothy Caldwell ("Movant"), a previously convicted felon, with unlawfully possessing a firearm that had traveled in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e), the Armed Career Criminal Act. (4:01CR350 JCH, Doc. No. 1). Following a jury trial on June 27, 2002, Movant was found guilty of being a previously convicted felon in possession of a firearm. (4:01CR350 JCH, Doc. No. 42). After concluding Movant was an armed career criminal, by virtue of three prior burglary convictions, the Court sentenced Movant to 240 months imprisonment, followed by five years supervised release. (4:01CR350 JCH, Doc. No. 47). On August 6, 2003, Movant's conviction and sentence were affirmed on appeal. United States v. Caldwell, 339 F.3d 680 (8th Cir. 2003).

On September 1, 2004, Movant filed the instant § 2255 Motion. In his motion, Movant makes the following three claims for relief:

(1) That Movant received ineffective assistance of counsel, in that counsel failed to perform any pre-trial investigation or assist in preparing a defense;

(2) That Movant's Constitutional rights under the Sixth Amendment were violated, when his sentence was increased based upon additional facts neither admitted by Movant nor found beyond a reasonable doubt by the jury[1]; and

(3) That the Supreme Court's as-yet unannounced rulings in United States v. Booker and United States v. Fanfan[2] potentially necessitated Movant's resentencing.

(Doc. No. 4, PP. 4-17).

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[3]

---

[1] Movant bases Ground 2 of his § 2255 Motion on the Supreme Court's ruling in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[2] On January 12, 2005, the Supreme Court issued a joint decision in these cases, United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

[3] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Ground 1

In Ground 1 of his § 2255 Motion, Movant maintains he received ineffective assistance of counsel, in that counsel failed to perform any pre-trial investigation or assist in preparing a defense.[4] (Doc. No. 4, PP. 4-14). Specifically, Movant alleges his attorney failed sufficiently to meet and consult with Movant prior to trial; failed to interview the witnesses in the car with Movant at the time of the incident; and failed to conduct an independent fingerprint analysis of the firearm at issue, to see if Movant actually "possessed" it. (Id.).

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the

---

[4] Although Movant did not raise his claim of ineffective assistance of counsel on direct appeal, it is not subject to procedural default, as it could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds it unnecessary to consider whether Movant's counsel's performance was constitutionally deficient, because Movant's claim fails under the second prong of the Strickland test. Specifically, the Court notes that on the night of the incident, all three other occupants of the car gave written statements indicating Movant possessed the firearm. (See Government's Exhs. B, C, D). Furthermore, Movant himself gave a written statement that night, admitting that he bought the gun off the street, he had the gun in his possession for two or three days prior to the incident, and he shot the gun in the air on the night in question. (See Government's Exh. A). Finally, in an affidavit submitted in support of the Government's response here, Movant's trial attorney testified in relevant part as follows:

 9. That [Movant] told me that "Lamont gave me the gun. I stuck it out the window and fired."

 10. That [Movant] told me he had had the gun previously and fired it only to scare the other people.

 11. That he told me the other fellows in the car would admit that he, Timothy Caldwell, had the gun.

 12. That Mr. Caldwell did tell me that he wrote out a statement for the police and that it was accurate....

(See Government's Exh. E). With his § 2255 Motion, Movant offers no evidence, other than his own unsupported speculation, tending to contradict either his own or the other witnesses' statements. In light of these circumstances, the Court finds Movant fails to demonstrate a reasonable probability that, but for counsel's allegedly unprofessional errors, the result of his proceeding would have been different, and so his claim of prejudice must fail. See Strickland, 466 U.S. at 694. Ground 1 is denied.

**II.     Ground 2**

In Ground 2 of his § 2255 Motion, Movant asserts his Constitutional rights under the Sixth Amendment were violated, when his sentence was increased based upon additional facts neither admitted by Movant nor found beyond a reasonable doubt by the jury. (Doc. No. 4, PP. 14-15). Specifically, Movant contends that under Blakely v. Washington, Movant's status as an armed career criminal could not be determined by the Court, but rather had to be found by the jury beyond a reasonable doubt. (Id.).

As noted above, Movant's conviction became final on August 6, 2003. The Supreme Court issued its decision in Blakely on June 24, 2004. In United States v. Stoltz, the Eighth Circuit considered whether Blakely applies retroactively on collateral review of a conviction or sentence. United States v. Stoltz, 149 Fed.Appx. 567, 568 (8th Cir. 2005), cert. denied, 126 S.Ct. 1589 (2006). The Eighth Circuit concluded Blakely cannot be applied retroactively. Id. at 568-69. Since Blakely does not apply retroactively, Movant is not entitled to the ruling he seeks, and so Ground 2 of his § 2255 Motion must be denied. See Gutierrez v. United States, 177 Fed. Appx. 510 (8th Cir. 2006).

**III.     Ground 3**

In Ground 3 of his § 2255 Motion, Movant asserts the Supreme Court's as-yet unannounced rulings in United States v. Booker and United States v. Fanfan potentially necessitated Movant's

resentencing. (Doc. No. 4, PP. 15-17). As noted above, Movant's conviction became final on August 6, 2003. The Supreme Court issued its decision in Booker on January 12, 2005. In Never Misses A Shot v. United States, the Eighth Circuit held that, "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced, and thus does not benefit movants in collateral proceedings." Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005) (citations omitted). Since Booker does not apply retroactively, Movant is not entitled to the ruling he seeks, and so Ground 3 of his § 2255 Motion must be denied. See Gutierrez v. United States, 177 Fed. Appx. 510 (8th Cir. 2006).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 18th day of September, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE